**In re Nelson ALBERTO, Debtor.**

**Manufacturers & Traders Trust Company, Plaintiff–Appellant,**

**v.**

**Nelson Alberto, Defendant–Appellee.**

**No. 00–CV–1791.**

United States District Court, N.D. New York.

Dec. 12, 2001.

---

Miller & Meola, P.C. (Rudolph J. Meola, of counsel), Albany, NY, for appellant.

O'Connor, O'Connor, Mayberger & First, P.C. (Michael J. O'Connor, of counsel), Albany, NY, for appellee.

### MEMORANDUM–DECISION and ORDER

HURD, District Judge.

## I. INTRODUCTION

Presently before the court is an appeal from a final order of the United States Bankruptcy Court for the Northern District of New York, Littlefield, B.J., entered on October 20, 2000, which, in conjunction with an interlocutory order entered April 2, 1999, found that appellant Manufacturers and Traders Trust Company ("M & T Trust") willfully violated the bankruptcy stay and awarded damages of $3,482.00 to the debtor, Nelson Alberto ("Alberto"), appellee herein. This appeal was taken on submission without oral argument.

## II. BACKGROUND

In 1996 Alberto filed for Chapter 13 bankruptcy protection. M & T Trust was listed as a secured creditor in that action, the indebtedness of which was secured by Alberto's 1990 Plymouth Voyager ("the vehicle"). Alberto's 1996 Chapter 13 action was converted to a Chapter 7, and he received a discharge on June 3, 1998.

On June 8, 1998, M & T Trust repossessed the vehicle. At that time, Alberto owed a balance of $8,765.99 to M & T Trust. Of the balance owed, $4,995.80 was arrears, due to Alberto failing to make payments for some twenty months.

On June 10, 1998, Alberto filed a second Chapter 13 action. Alberto's proposed payment schedule included $2,200.00 for the vehicle. Unaware of the second Chapter 13 proceeding, on June 11, 1998, M & T Trust sent Alberto a notice that the repossessed vehicle would be sold unless redeemed. On June 18, 1998, M & T Trust

received a notice from the Bankruptcy Court regarding the proceedings. The bankruptcy notice was apparently mishandled, and M & T Trust sold the vehicle at auction on June 25, 1998, for $1,500.00.

Alberto filed a motion for an order pursuant to 11 U.S.C. § 362(h) and Bankruptcy Rule 2004 finding M & T Trust in violation of the automatic stay and assessing appropriate damages. Hon. Robert E. Littlefield, United States Bankruptcy Court Judge, found that M & T Trust had violated the automatic stay of 11 U.S.C. § 362(a)(3)–(4), and assessed damages of $3,482.00, comprised of $2,340.00 attorneys fees, $642 in actual economic damages, and $500 for emotional distress. This appeal followed.

## III. DISCUSSION

### A. Standard

■ Matters of statutory construction are reviewed de novo. *General Motors Acceptance Corp. v. Valenti,* 105 F.3d 55, 59 (2d Cir.1997). Factual findings by the bankruptcy judge are set aside only when clearly erroneous. Fed.R.Bankr.P. 8013.

The Bankruptcy Code provides for an automatic stay to protect the property of the bankruptcy estate from the time a bankruptcy petition is filed. 11 U.S.C. § 362(a). Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541. Property interests are determined by state law. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). Relief from the automatic stay may be granted by the bankruptcy court in appropriate circumstances. § 362(d). Where the automatic stay is willfully violated, the individual injured by such violation shall recover actual damages and may recover punitive dam-

ages in the appropriate circumstances. § 362(h).

Under New York law a secured party has the right to take possession of collateral upon default by the debtor. N.Y.U.C.C. § 9–503 (McKinney 1990). The secured party may sell or otherwise dispose of the collateral in satisfaction of the debt. § 9–504. The secured party must provide written notice to the debtor of the intent to retain the collateral in satisfaction of the debt, and in the absence of an objection by the debtor received within twenty-one days after the notice was sent the secured party may retain the collateral in satisfaction of the debt. § 9–505. The debtor retains a right to redeem the collateral by tendering fulfillment of all obligations secured by the collateral plus costs, at any time before the creditor has disposed of the collateral. § 9–506.

### B. Analysis

■ In the instant case the bankruptcy court determined that the vehicle was property of the Alberto bankruptcy estate. The bankruptcy court further found that M & T Trust willfully violated the § 362(a) automatic stay, which injured Alberto, and it assessed damages pursuant to § 362(h). Determination of whether the vehicle is property of the estate is a legal question subject to de novo review, as is whether there was a willful violation of the automatic stay. Any finding of damages suffered as a result of such violation is a finding of fact to be reversed only if clearly erroneous.

■ It is beyond doubt that Alberto was in default on his obligation and the repossession of the vehicle on June 8, 1998, by M & T Trust was lawful and proper. At the time of the lawful repossession, M & T Trust had the right to possession of the vehicle. *See* N.Y.U.C.C. § 9–503. M & T Trust notified Alberto in writing of its intention to retain, and sell, the vehicle in satisfaction of the outstanding debt. *See* § 9–504. Once the lawful repossession occurred, Alberto no longer had the right to possess the vehicle; he merely retained the right pursuant to § 9–506 to redeem it before the secured creditor disposed of it. Alberto filed the Chapter 13 petition after the lawful repossession. Accordingly, what became property of the bankruptcy estate was the interest the debtor, Alberto, had in the property: the right to redeem but not the right to possess. *See* 11 U.S.C. § 541.

■ The question remains whether M & T Trust violated the automatic stay by retaining and in fact disposing of the collateral. The stay prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." § 362(a)(3). M & T Trust did not "act to obtain possession ... or to exercise control" of the vehicle in violation of the stay, since it already lawfully possessed and controlled the vehicle when the stay went into effect. *See In re Fitch,* 217 B.R. 286, 290 (Bankr.S.D.Cal.1998) (no violation of automatic stay where secured creditor repossessed vehicle before stay became effective and retained vehicle after stay became effective).

The bankruptcy court, and Alberto on this appeal, rely upon *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), to support the proposition that 11 U.S.C. § 541(a) includes in the property of the estate that property of a debtor that was seized by creditors prior to filing a petition for reorganization. However, this reliance is misplaced.

In *Whiting Pools* the debtor corporation was deficient in the payment of taxes to the IRS in the amount of approximately

$92,000. *Id.* at 199, 103 S.Ct. at 2311. The IRS obtained a tax lien and seized all of the debtor's personal tangible property. *Id.* at 200, 103 S.Ct. at 2311. The debtor wanted the IRS to return the property so that it could be used in the ongoing business of the reorganized debtor, but the IRS intended to liquidate the property to satisfy the tax lien. *Id.* at 201, 103 S.Ct. at 2311. At issue was whether the bankruptcy code authorized the court to issue a turnover order against the IRS pursuant to 11 U.S.C. § 542 or 543. *Id.* at 201–02, 103 S.Ct. at 2312. The Court reasoned that the code authorized the debtor's continued use of property in which a creditor held a secured interest in order "to facilitate the rehabilitation of the debtor's business," while making provisions to protect the secured party's interest. *Id.* at 203–04, 103 S.Ct. at 2313. The Court determined that due to the broad scope of the estate, property repossessed by a secured creditor was not shielded from being drawn into the estate pursuant to § 542(a) despite the debtor's not having a possessory interest in the property. *Id.* at 205–06, 103 S.Ct. at 2314. Such repossessed property can be drawn into the estate because § 542(a) provides procedural rights to protect the secured creditors and satisfy their liens. *Id.* at 206, 103 S.Ct. at 2314. "In effect, § 542(a) grants to the estate a possessory interest in certain property of the debtor that was not held by the debtor at the commencement of reorganization proceedings." *Id.* at 207, 103 S.Ct. at 2314–15.

██ Thus, in keeping with the reasoning and holding of *Whiting Pools*, the property of Alberto's bankruptcy estate included his right to redeem the vehicle but did not include a possessory interest in the vehicle. In order to draw a possessory interest in the vehicle into the estate the debtor must have taken an affirmative step to do so, such as move for a turnover order

pursuant to § 542 or § 543. *See id.* at 206–07, 103 S.Ct. at 2314–15; *Barringer v. EAB Leasing, the Paragron Capital Group, Inc.,* 244 B.R. 402, 410 (Bankr. E.D.Mich.1999). *But see Pileckas v. Marcucio,* 156 B.R. 721, 725 (N.D.N.Y.1993) (finding that under *Whiting Pools* a vehicle repossessed by an unsecured creditor is part of the bankruptcy estate and therefore subject to the turnover provisions). In *Whiting Pools* the IRS argued that the bankruptcy court was not authorized to make it subject to a turnover order. There is no question that here, had Alberto made a turnover motion prior to the vehicle being sold, the bankruptcy court would have had authority to order M & T Trust to turn over the vehicle. *See Whiting Pools,* 462 U.S. at 206–07, 103 S.Ct. at 2314–15. Additionally, had Alberto requested a turnover order, M & T Trust would have been provided the opportunity to present defenses to such an order. *See Barringer,* 244 B.R. at 410 (noting that "there are a range of potentially complex considerations which can enter into a determination that property is or is not subject to turnover"). In the event the bankruptcy court issued a turnover order, the protections the bankruptcy code provides for secured creditors in that situation would have been available to M & T Trust. Here, neither Alberto nor his counsel contacted M & T Trust until after the vehicle was sold. While a turnover motion pursuant to § 543 was eventually brought, that was not until after the vehicle was sold. Once the vehicle was lawfully sold, the right of redemption, which was property of the estate, expired.

██ Alberto sat on his rights under the bankruptcy code, which provided an avenue for him to effectuate a change in the right to possession of the vehicle from M & T Trust to the bankruptcy estate. Meanwhile, M & T Trust exercised its

rights as set forth by New York law, both in retaining possession of the vehicle and disposing of it in satisfaction of the debt. Alberto cannot now complain that in doing so M & T Trust violated the automatic stay provisions of the bankruptcy code, for it is axiomatic that state law rights are unaffected unless affirmative action is taken to bring property that is not "property of the estate" at the commencement of the bankruptcy proceeding within the protection of the bankruptcy code. *See Barringer,* 244 B.R. at 408; *see also Whiting Pools,* 462 U.S. at 205, 103 S.Ct. at 2313 (noting that turnover provisions of the code permit property in which the debtor did not have a possessory interest at the commencement of the proceedings to be brought into the estate).

## IV. CONCLUSION

Only Alberto's right to redeem the vehicle was property of the estate absent a turnover order. Thus, M & T Trust's retention and sale of the collateral pursuant to state law did not violate the automatic stay. The order of the bankruptcy court must therefore be reversed. Accordingly it is

ORDERED that

1. The Memorandum–Decision and Order dated October 20, 2000, and the Order dated April 2, 1999, of the Bankruptcy Court are REVERSED and VACATED; and

2. The motion dated July 21, 1998, filed by the defendant-appellee Nelson Alberto for an order pursuant to 11 U.S.C. § 362(h) and Bankruptcy Rule 2004 finding plaintiff-appellant Manufacturers and Traders Trust Company in violation of the automatic stay is DENIED, without costs.

IT IS SO ORDERED.